Nott, J.,
delivered the opinion of the court:
The action is brought to recover a balance withheld from a number of quartermaster vouchers given for horses bought for the military service, and the balance is alleged to be $1,845.
The case is a part of the general transaction which formed *589 tbe subject of a previous suit. (Wilcox’s Case, 5 O. Cls. R., p. 386.) And tbe evidence upon wbicb it is presented is substantially tbe same. It differs, however, as to tbe ground upon which tbe defense is rested.;'
Tbe learned Assistant Attorney-General now argues — 1st, that there was a dispute between the parties, and that tbe dispute went directly to tbe price of tbe horses; 2d, that, tbe price being in dispute, it was tbe subject of controversy and of compromise ; 3d, that tbe disbursing officers of tbe Government are only authorized to pay claims in-full, and that, it being tbe general practice of tbe Government to pay in full. and not in part, tbe claimant’s acceptance of payment with knowledge of tbe dispute made him chargeable with notice that tbe payment was by way of compromise, and constructively assent to its being taken as payment in full.
Tbe argument is an ingenious and forcible attempt to establish a general rule of compromises by implication, and not by agreement; but it is apparent that such a rule must be followed by one general result, viz, that no man to whom tbe Government is debtor could accept payment in part when proffered without foregoing bis right of action. As tbe Government does not pay interest upon its debts pendente lite, it is less deserving of such a rule than tbe ordinary defendant who suffers in damages for bis delay. Such a rule, consequently, would defeat one great object of this court, wbicb is to awqrd legal justice where legal contracts have been violated, and, we think, is in consistent with tbe decisions of tbe court in a groat number of cases. Apart from this proposition tbe case seems to be ruled ■by tbe previous decision of tbe court in the case before referred to.
Tbe judgment of tbe court is that tbe claimant recover, to tbe use of tbe First National Bank of Pomeroy, Ohio, tbe sum of $1,845.